# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **MILLIE MADISON, et al.,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:07-CV-0969-M** |
| | § | |
| **RICHARD MAYS, et al.,** | § | |
| | § | |
| **Defendants.** | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS

Pursuant to the District Court's Order, entered May 31, 2007, this case has been referred to the United States Magistrate Judge for pretrial management. Before the Court is "Defendant Molly Francis' [("Francis")] Original Answer and Affirmative Defenses, Motion for More Definite Statement and Rule 7 Reply, Motion to Dismiss for Failure to State a Claim upon which Relief can be Granted" (doc. 70). No response was filed and the time to do so has expired. After considering the arguments, the Court recommends that Francis' motion to dismiss be **GRANTED**, and her motion for more definite statement and rule 7 reply be **DENIED** as moot.

## BACKGROUND

On May 31, 2007, Plaintiffs, proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983. In their complaint, Plaintiffs name several defendants, including Francis. Francis sat as a state trial court judge who presided over criminal trials. Plaintiffs allege that Francis violated the "State of Texas & United States Constitution & The Plaintiffs constitutional, Civil, & Human Rights by presiding over criminal proceeding where [she] had no jurisdiction to act as a court of law." (Pl.'s Compl. at 1.) Plaintiffs claim that jurisdiction did not exist because Francis did not take the

mandated oath of office required under article sixteen section one of the Texas Constitution. (*Id.*)

Plaintiffs also claim that because Francis failed to take the oath of office, she committed perjury,

theft by deception, and obstruction of justice. Plaintiffs seek "7 hundred million dollars as a starter"

in relief. (*Id.*) The Court previously dismissed the same allegations against Defendants Richard

May and Phil Barker.

## STANDARD OF REVIEW

FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) authorizes the dismissal of a complaint for

"failure to state a claim upon which relief can be granted." When considering a motion to dismiss,

the Court accepts as true all well-pleaded facts and views those facts in a light most favorable to the

Plaintiff. *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995). While a complaint

attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's

obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic*

*Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1964–65 (2007). Factual allegations must be

sufficient to raise a right to relief above the speculative level. *Id.* In deciding a motion to dismiss,

the Court does not evaluate a plaintiff's likelihood of success; the Court only determines whether

a plaintiff has stated a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal*

*Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

Since Plaintiff in this case is proceeding *pro se*, the Court must construe the allegations in

the complaint liberally. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam); *Sec. & Exch. Comm'n*

*v. AMX, Int'l, Inc.*, 7 F.3d 71, 75 (5th Cir. 1993) (per curiam). The Court has an obligation to

construe a *pro se* plaintiff's brief more permissively and to make more allowances. *AMX, Int'l, Inc.*,

7 F.3d at 75. "[*P]ro se* litigant[s] [are] subject to less stringent standards than [those] represented by counsel." *Id.* (citing *Hughes v. Rowe*, 449 U.S. at 9).

## ANALYSIS

To state a claim for relief under 42 U.S.C. § 1983, the plaintiff must establish that he was deprived a right secured by the Constitution or the law of the United States and that the alleged deprivation was committed under the color of state slaw. *Scott v. Fiesta Auto Center of San Antonion*, 273 F.3d 1095, No. 00-50943, 2001 WL 1085192, *1 (5th Cir. September 7, 2001) (per curiam) (citing *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999) *and Johnson v. Dallas Indep. Sch. Dist.*, 38 F.3d 198, 200 (5th Cir. 1994)). "A violation of state law is not cognizable under § 1983." *Id.* (citing *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 525 (5th Cir. 1994) *and Johnson*, 38 F.3d at 200).

Plaintiffs' claim stems from the allegation that their convictions are void because Francis presided over their criminal proceedings without jurisdiction because she had not taken the mandated oath of office. Allegations that state officials failed to take the oath of office required by the Texas Constitution does not result in the violation of a federal right. *Veasey v. Criminal District Court No. 2*, No. 07-10654, 2008 WL 905233, *1 (5th Cir. April 4, 2008) (slip copy) (per curiam). At most, Plaintiffs make a conclusory allegation that Francis' actions violated Plaintiffs' due process rights. *See id.* Conclusory allegations of a constitutional violation, however, are not sufficient to survive a motion to dismiss. *Id.* (citing *Kinash v. Callahan*, 129 F.3d 736, 738 (5th Cir. 1997). Accordingly, Plaintiffs have failed to articulate a violation of a federal right.

Plaintiffs' complaint also challenges the validity of their state convictions and imprisonment. The Supreme Court, in *Heck v. Humphrey*, 512 U.S. 477 (1994), held that when damages are sought

under 42 U.S.C. § 1983 action, the claim must be dismissed if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," unless the plaintiff can prove that the conviction or sentence has already been invalidated. *Heck*, 512 U.S. at 487. A claim under these circumstances, therefore, is not cognizable under § 1983 until the plaintiff can show that the conviction "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* A judgment in favor of Plaintiffs in this case would necessarily void their convictions. *See Veasey*, 2001 WL 905233, at *1 (finding that a case alleging that the plaintiff's arrest, imprisonment, and prosecution by state officials who had not complied with the oath requirement is barred by *Heck* because a favorable decision would invalidate the plaintiff's conviction and arrest). Plaintiffs have not shown that their convictions have been favorably terminated. Their claim, therefore, is barred by *Heck*.

## CONCLUSION

Because Plaintiffs have not stated a federal claim and their claim is barred by *Heck*, this Court recommends that the District Court **GRANT** Francis' motion and dismiss Plaintiffs' claims with prejudice. Accordingly, the Court also recommends that Francis' Motion for a More Definite Statement and Rule 7 Reply be **DENIED** as moot.

**SO ORDERED.** July 8, 2008.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).